IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:14-CR-91-BO
No. 5:18-CV-83-BO

| | |
|---|---|
| ELTON BARNES, JR.,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)     O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 81]. The government has moved to dismiss the petition. [DE 88]. The matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is GRANTED and petitioner's motion is dismissed.

## BACKGROUND

In November 2014, petitioner was convicted of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [DE 43]. In September 2015, he was sentenced to 120 months' imprisonment. [DE 64]. Petitioner appealed, but the Fourth Circuit affirmed his conviction. [DE 76].

In February 2018, petitioner moved to vacate his sentence under 28 U.S.C. § 2255. [DE 81]. He alleged (1) prosecutorial misconduct, based on a sentencing enhancement under the advisory guidelines which petitioner alleges was presented as mandatory; (2) ineffective assistance of trial counsel, based on counsel's examination of witnesses; (3) ineffective assistance of appellate counsel, based on counsel's briefing and oral argument; and (4) prejudicial error by the district court for admitting an out-of-court statement at trial. [DE 81, p. 4–8]. The government has

moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 88].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

First, petitioner alleges prosecutorial misconduct, claiming that the Court improperly enhanced his sentence. Petitioner's advisory sentence range was increased four levels under U.S.S.G. § 2K2.1(b)(4)(B) because he was in possession of a firearm that "had an altered or obliterated serial number." [DE 70, p. 10]. The Fourth Circuit rejected petitioner's argument that this enhancement was improper as applied to him because he'd been acquitted of a similar charge; the court reasoned that the sentencing enhancement did not require that the petitioner *know* that the serial number was altered or obliterated, while the criminal offense of which petitioner was acquitted did contain a knowledge element. [DE 76, p. 3]. Here, petitioner's claim that the Court improperly treated this enhancement as mandatory, when it was only advisory, does not entitle him to relief. At the time of petitioner's sentencing, the guidelines had been advisory for a decade—since *United States v. Booker*, 543 U.S. 220 (2005). Moreover, challenges to sentences rendered under the advisory guidelines are "not cognizable on collateral review." *United States v. Foote*, 784 F.3d 931, 934 (4th Cir. 2015). Thus, petitioner's first claim must be dismissed.

Petitioner's second and third claims are premised on ineffective assistance of counsel under the Sixth Amendment. Since *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's second claim is that his *trial* counsel was constitutionally ineffective in failing to adequately cross-examine a particular witness. Applying *Roane*'s "strong presumption" that trial counsel's conduct fell "within the wide range of reasonable professional assistance," it cannot be said that, in the words of the *Strickland* Court, "counsel's performance fell below an objective standard of reasonableness." Thus, petitioner's second claim must be dismissed.

Petitioner's third claim is that his *appellate* counsel was constitutionally ineffective in failing to argue *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), in briefing and at oral argument before the Fourth Circuit. "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel need not assert every non-frivolous argument. Ignoring weaker arguments and focusing on "those more likely to prevail, far from

3

being evidence of incompetence, is the hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." *Bell*, 236 F.3d at 164 (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)) (internal quotation marks omitted).

Petitioner's third claim must be dismissed because he cannot show that it was objectively unreasonable for his appellate counsel not to rely upon *Apprendi* and *Alleyne*. *Apprendi* held that any fact which enhances a sentence beyond the statutory maximum, other than the fact of a prior conviction, must be found by a jury beyond a reasonable doubt. 530 U.S. at 490. *Alleyne* held that any fact increasing the mandatory minimum sentence for a particular offense is an element of that offense and not merely a sentencing factor. 570 U.S. at 103. Neither case would have afforded petitioner relief on appeal, because he was sentenced within an advisory guideline range; no statutory minimum was improperly increased and petitioner was not sentenced beyond any statutory maximum. Thus, petitioner's third claim must be dismissed.

Petitioner's fourth claim is that the trial court committed a prejudicial error by allowing inadmissible hearsay. Petitioner already raised this claim on appeal, where it was rejected by the Fourth Circuit. [DE 76, p. 2–3]. If petitioner is instead referring to a different statement, other than the one rejected by the Fourth Circuit, that claim is procedurally defaulted because it was not raised on direct appeal. Thus, petitioner's fourth claim must be dismissed.

In sum, petitioner has failed to state a claim upon which relief can be granted. As such, his Section 2255 petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

4

that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 88] is GRANTED. Petitioner's motion to vacate under 28 U.S.C. § 2255 [DE 81] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 26 day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE